■ Steven A. Ferguson, Appellant, v City of New York et al., Respondents. [709 NYS2d 90] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about August 3, 1999, which granted defendant correction officer's motion for summary judgment dismissing the cause of action against him for intentional infliction of emotional distress, unanimously affirmed, without costs.

Plaintiff alleges that while confined to a jail under defendant's guard, defendant allegedly played an audiocassette within plaintiff's earshot that contained anti-Semitic statements. Assuming plaintiff's captivity was a circumstance that tended to make the alleged conduct something " 'more than mere insults, indignities, and annoyances' " (*Leibowitz v Bank Leumi Trust Co.*, 152 AD2d 169, 181-182), it remains that according to plaintiff's own deposition testimony, confirmed by defendant's testimony, defendant was not playing the tape with the intent of causing plaintiff emotional distress, but rather for his fellow officers to hear. Indeed, plaintiff could have avoided hearing the tape by moving to the back of the cell, but chose not to. In short, giving plaintiff's assertions every favorable inference, his captor-captive relationship with defendant was not so intimidating as to make defendant's conduct "extreme and outrageous" within the meaning of those words for purposes of a cause of action for intentional infliction of emotional distress (*compare, Vasarhelyi v New School for Social Research*, 230 AD2d 658, 659-660). However, nothing in this decision is to condone the actions of defendant in playing an anti-Semitic tape in a penal institution so that it could be overheard by prisoners and others. Concur—Nardelli, J. P., Williams, Wallach, Rubin and Friedman, JJ.